**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA *et al.*, | |
| Plaintiffs, | |
| v. | No. 1:20-cv-1719 KBJ |
| ELISABETH D. DEVOS, in her official capacity as Secretary of Education, *et al.*, | |
| Defendants. | |

## <u>DEFENDANTS' OBJECTION TO PLAINTIFFS' NOTICE OF RELATED CASE</u>

### <u>INTRODUCTION</u>

Pursuant to Local Civil Rule 40.5(b)(2), defendants Secretary of Education Elisabeth D. DeVos and the U.S. Department of Education (the "Department") (collectively, "Defendants") hereby object to the designation of this case as a case related to *State of Maryland v. U.S. Dep't of Education* ("*Maryland*"), No. 1:17-cv-2139 KBJ (D.D.C.). The random assignment of cases in the lower courts is designed to ensure the integrity of the judicial process. Among other things, this rule guarantees fair and equal distribution of cases, avoids the appearance of favoritism in assignments, and reduces opportunities for parties to try to game the system by shopping for a judge they perceive as more favorable to their cause. *See The Wilderness Soc'y v. Bernhardt*, No. 20-1176, 2020 WL 2849635, at *1 (D.D.C. June 2, 2020); *Comm. on Judiciary v. McGahn*, 391 F. Supp. 3d 116, 118 (D.D.C. 2019). Rather than have this case randomly assigned, Plaintiffs seek instead to designate this case as "related" to another case, *Maryland*, that a different group of states filed over two and a half years ago. *See* Notice of Designation of Related Civil Cases [ECF 2]. According to Plaintiffs, the two cases involve "common issues of fact" and "grow[] out of the same event or transaction." *See id.*

But these two cases share nothing that warrants a "related" designation. In *Maryland*, the

plaintiffs claimed various deficiencies in the Department's implementation of a 2014 rule setting forth a regulatory requirement that certain schools participating in the Higher Education Act's Title IV student financial assistance programs prepare students for "gainful employment." *See* 79 Fed. Reg. 64890 (Oct. 31, 2014) ("2014 Rule"). In their effort to assert claims under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, the plaintiffs in *Maryland* challenged specific actions or failures to act by the Department as it attempted to calculate debt-to-earnings rates for a second year under the 2014 Rule. *Maryland* Am. Compl., No. 1:17-cv-2139 [ECF 65-2] ¶¶ 66, 74, 81, 86, 99-126 (D.D.C. filed June 22, 2018).

Here, by contrast, Plaintiffs challenge a final rule issued by the Department in 2019, which *rescinded* the 2014 Rule, as of July 1, 2020. Compl. ¶ 5 (citing 84 Fed. Reg. 31392-01 (July 1, 2019) ("2019 Rule")). This later-filed suit involves no issues of fact or law common to the earlier case. Indeed, only two days after Plaintiffs filed the instant action, the Court issued an Order in *Maryland*, dismissing that case for lack of standing. *See Maryland*, Order of June 26, 2020 [ECF 106], at 2. Moreover, now that the 2019 Rule, and the 2014 Rule's rescission, have taken effect, any remaining claims in *Maryland*, which related only to the 2014 Rule, are necessarily moot. No interest in judicial economy could conceivably be served by deeming the cases related. This case should thus be transferred to the Calendar and Case Management Committee for random reassignment in the ordinary fashion.

## LEGAL STANDARD

The default rule in this district is that civil cases are assigned randomly. *See* LCvR 40.3(a) (providing that civil cases "shall be assigned to judges of this Court selected at random"); *accord Wilderness Soc'y*, 2020 WL 2849635, at *1; *McGahn*, 391 F. Supp. 3d at 118; *United States v. Volvo Constr. Equip. AB*, 922 F. Supp. 2d 67, 68 (D.D.C. 2013). Random assignment "ensure[s]

2

greater public confidence in the integrity of the judicial process[,] . . . guarantees fair and equal distribution of cases to all judges, avoids public perception or appearance of favoritism in assignments, and reduces opportunities for judge-shopping." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting *Tripp v. Exec. Off. of President*, 196 F.R.D. 201, 202 (D.D.C. 2000)).

The so-called "related-case rule" set forth in LCvR 40.5 creates two limited exceptions that allow cases to be assigned to the same judge under narrow circumstances. The first exception may be invoked where the earliest case is "still pending on the merits" in the district court, LCvR 40.5(a)(3), and "the interests of judicial economy . . . outweigh the fundamental interests served by the random assignment rule," *see Lucas v. Barreto*, No. 04-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005). This exception may apply where the two cases "(i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." *Wilderness Soc'y*, 2020 WL 2849635, at *1 (quoting LCvR 40.5(a)(3)).

The second exception, which is "narrower," may apply where "(1) a case is dismissed with prejudice or without, *and* (2) a second case is filed (a) involving the same parties and (b) relating to the same subject matter." *Id.* (quoting LCvR 40.5(a)(4)). The second exception "has been interpreted strictly." *Id.* (internal quotation omitted). Thus, only where the later case "involves the same subject matter" and is "filed by 'identical parties'" may it be deemed related to the earlier, dismissed case. *Id.* (internal quotation omitted).

Under either exception, the burden of demonstrating relatedness lies with the party seeking to avoid random assignment—here, Plaintiffs. *See id.* at *2 (citing *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016)). "'The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary.'" *McGahn*, 391 F. Supp. 3d at 119 (quoting *Dakota Rural Action v. U.S. Dep't of Agric.*, No. 18-2852, 2019 WL 1440134, at *1

3

(D.D.C. Apr. 1, 2019)). "Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain." *Id.* (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1).

      "The judge to whom a case is assigned resolves any objection to a related-case designation." *Wilderness Soc'y*, 2002 WL 2849635, at *2 (internal quotation omitted) (quoting *Dakota Rural Action*, 2019 WL 1440134, at *1 and citing LCvR 40.5(c)(3)). "If the objection is sustained, the judge may transfer the later-filed case to the Calendar and Case Management Committee, which then decides if good cause exists for the transfer and thus random reassignment of the case." *McGahn*, 391 F. Supp. 3d at 119 (internal quotation omitted) (citing LCvR 40.5(c)(1)).

## ARGUMENT

## I.    THIS CASE IS NOT RELATED TO *MARYLAND* UNDER LCvR 40.5(a)(4)

      Plaintiffs cannot sustain their burden to show that this case is related to *Maryland*. As an initial matter, the Court should evaluate relatedness here under the stricter second exception in LCvR 40.5(a)(4) because *Maryland* is no longer "pending on the merits" in the district court. Rather, on June 26, 2020, two days after Plaintiffs here filed suit, the Court issued an Order granting the Department's motion to dismiss in *Maryland* on the ground that the plaintiffs there lacked Article III standing. *See Maryland*, Order of June 26, 2020 [ECF 106], at 2. Although the Order indicates that it "shall not be deemed a final order subject to appeal until the Court has issued its Memorandum Opinion," *id.*, the issuance of the Order effectively ends further district court proceedings in *Maryland*, such that judicial economy—the basis for deeming cases related under LCvR 40.5(a)(3), *Wilderness Soc'y*, 2020 WL 2849635, at *1—could not conceivably be served by relating this new case to that one. To the contrary, allowing this case to be deemed related to

*Maryland* after the latter was pending for over two and a half years, during which the parties fully briefed cross-motions for summary judgment as well as a motion to dismiss on the ground that the plaintiffs' claims had become moot, would undermine the interests promoted by random assignment by allowing Plaintiffs to choose a judge for their new case just as the prior *Maryland* case has ended.

Under the stricter standard that applies under LCvR 40.5(a)(4), Plaintiffs cannot sustain their burden to show this case is related to *Maryland*. First, Plaintiffs here are not "identical" to the plaintiffs in *Maryland*. *See Wilderness Soc'y*, 2020 WL 2849635, at *2 (emphasizing that "the phrase 'the same parties' in LCvR 40.5(a)(4) "means 'identical parties'"); *Dale*, 121 F. Supp. 2d at 37 (same). Rather, the plaintiffs in *Maryland* included three states—California, Iowa, and Washington—that are not among the Plaintiffs here, while four states that are Plaintiffs in this case—Colorado, New Jersey, Michigan, and Wisconsin—were not plaintiffs in *Maryland*. Compare *Maryland* First Am. Compl. [*Maryland* ECF 65-2], *with* Compl. [ECF 1].[1]

The two cases also do not "relat[e] to the same subject matter," LCvR 40.5(a)(4), because neither the claims asserted, nor the relief requested, are the same. Courts have recognized that this requirement is not satisfied simply because two cases generally concern the same topic. For example, the court in *Wilderness Society* rejected a related case designation even though both the older group of consolidated cases and the newer case at issue "concern[ed] mineral rights leases." *Wilderness Soc'y*, 2020 WL 2849635, at *3. The court reasoned that both the "actions" and the "legal claims" at issue were distinct because the older consolidated cases challenged a 2018 action

---

[1] Highlighting the different composition of plaintiffs in the two cases, California, one of the plaintiffs in *Maryland*, has filed a separate case in the Northern District of California raising claims substantially similar to those asserted in this case. *See People of the State of California v. DeVos*, No. 5:20-cv-1889 (N.D. Cal. filed Mar. 18, 2020).

by the Bureau of Land Management ("BLM") while the newer case challenged a later BLM analysis that took place in May 2019, after the older cases were filed. *See id.* Similarly, in *Washington Alliance of Technology Workers v. DHS*, No. 16-cv-1170 (ESH), 2016 WL 11184186 (D.D.C. June 24, 2016), the court rejected a related case designation, even though the two cases at issue overlapped at a certain "level of generality," in light of the "very basic fact" that the cases involved challenges to "two different DHS rules." *Id.* at *2.

As in *Wilderness Society* and *Washington Alliance*, this case challenges an entirely different agency action from those at issue in *Maryland*. In *Maryland*, the plaintiffs' Counts I and II raised procedural and substantive challenges to purported "delay notices" that the Department published in the Federal Register in July 2017, August 2017, and June 2018. *Maryland* First Am. Compl. ¶¶ 66, 74, 81, 105, 114. In addition, the plaintiffs' Count III challenged the Department's alleged unreasonable delay in issuing Draft "Completers Lists"—a step towards the calculation of debt-to-earnings ("D/E") rates pursuant to former 34 C.F.R. § 668.405, part of the "gainful employment" ("GE") regulations that the Department had issued in 2014. *Maryland* First Am. Compl. ¶¶ 122, 126. The *Maryland* plaintiffs asked the Court to declare unlawful and vacate the "delay notices" and to compel the Department's issuance of Draft Completers Lists and D/E rates. *Id.* at 32. These claims were brought under the APA, and the Department filed an administrative record ("AR") in connection with the purported agency actions at issue. *See Maryland* AR [*Maryland* ECF 37].

Plaintiffs here also bring claims under the APA, but the final agency action that they challenge in this case is entirely different from the purported actions at issue in *Maryland* and, as in *Wilderness Society*, did not take place until well after either the Complaint or the Amended Complaint in *Maryland* was filed. Here, Plaintiffs challenge the 2019 Rule, which rescinded the

2014 Rule in its entirety. Compl. ¶¶ 5 (identifying final agency action at issue as 2019 Rule), 153-62 (Count I challenging 2019 Rule's repeal of the "eligibility framework" set forth in the 2014 Rule), 164-66 (Count II challenging 2019 Rule's repeal of the "transparency framework" set forth in the 2014 Rule). Plaintiffs thus ask the Court to hold unlawful and set aside the 2019 Rule. *Id.* at 52.[2] Judicial review of Plaintiffs' claims on the merits would be based on an AR, but not the same AR filed in *Maryland*; rather, the relevant AR would be the rulemaking record that was before the Department in connection with its issuance of the 2019 Rule.   `

This case therefore does not warrant an exception to the general rule of random assignment of cases. To the contrary, "[a]ny marginal efficiency gained" by deeming the instant case related to *Maryland* is outweighed by the negative effect of promoting the "appearance of judge-shopping or favoritism in assignments." *Wilderness Soc'y*, 2020 WL 2849635, at *3 (internal quotation omitted). Indeed, even though Plaintiffs filed this case while *Maryland* was technically still pending (albeit for less than two more days), Plaintiffs undoubtedly anticipated *Maryland*'s imminent dismissal because they knew that, as of July 1, 2020, when the 2019 Rule took effect, the provisions at issue in *Maryland* would be rescinded, and any remaining claims in that case would become moot. *See* 84 Fed. Reg. 31392-01 (July 1, 2019) (identifying July 1, 2020 effective date). Their last-minute effort to bring entirely new claims before the same judge under the guise of a related case thus promotes the appearance of judge-shopping. Plaintiffs' related case designation should be considered and rejected pursuant to LCvR 40.5(a)(4).

---

[2] Although Plaintiffs also ask the Court to "[o]rder" that the rescinded 2014 rule "be enforced in its entirety," *id.*, that request exceeds the scope of permissible relief under the APA. *See* 5 U.S.C. § 706(2) (authorizing reviewing court to "hold unlawful and set aside" final agency action).

## II.     THIS CASE IS NOT RELATED TO *MARYLAND* UNDER LCvR 40.5(a)(3)

Plaintiffs also fail to sustain their burden to show this case is related to *Maryland* even if the Court were to evaluate Plaintiffs' related case designation under LCvR 40.5(a)(3) rather than (a)(4). In *McGahn*, where, as here, the plaintiffs had asserted that their case and an earlier case involved "common issues of fact" and grew out of "the same event or transaction," the court observed that LCvR 40.5(a)(3) "offers little guidance on the degree of relatedness required to circumvent the normal random assignment system" and does not specify "how much factual overlap is needed" or "how similar the underlying facts must be." *McGahn*, 391 F. Supp. 3d at 119. However, the court concluded that the connection asserted by the plaintiffs in that case, based on the fact that both cases stemmed from the same Judiciary Committee investigation, was "too superficial and attenuated" for the two to be related. *See id.* For one thing, the court found it significant that the two cases "involve[d] different claims." *See id.* at 120 (quoting *Trump v. Comm. on Ways & Means*, 391 F. Supp. 3d 93, 96 (D.D.C. 2019)). Because the legal issues were different, each case would turn on different "'issues of fact' to be resolved," thus "making a related case designation wholly inappropriate." *Id.* The court also considered that "the two actions place[d] different sets and types of evidence at issue." *Id.*

Here, the instant case and *Maryland* also involve different claims and place different sets and types of evidence at issue. Indeed, by their nature as APA claims, the claims in each case, to the extent they are addressed on the merits, necessarily require review of the administrative record that specifically relates to the agency actions that the plaintiffs in each case seek to challenge— which, as discussed above, are quite different. Thus, in *Maryland,* the Department filed an administrative record that consisted of material considered by the Department when undertaking the purported actions or failures to act that the plaintiffs in *Maryland* sought to challenge. In

8

contrast, the administrative record for purposes of Plaintiffs' claims here would consist of the rulemaking record that the Department compiles in connection with its promulgation of the 2019 Rule.

Moreover, although the Court's holding in *Maryland* that the plaintiff states in that case lack standing may support Plaintiffs' lack of standing here, Plaintiffs' standing in this case must be measured in relation to the 2019 Rule, which was not at issue in *Maryland*.

To be sure, Plaintiffs' Complaint includes a brief recitation of the allegations that were asserted by the plaintiffs in *Maryland*, together with a citation to that case. Compl. ¶¶ 79-84. However, such references are wholly insufficient to establish that *Maryland* and this case are related. The requirement in Rule 40.5(a)(3) that the two cases share "common *issues* of fact" (emphasis added) does not mean that a plaintiff can relate two cases simply by including some factual assertions from the first case in the second case's complaint. Rather, the phrase refers to disputes of fact that the Court will necessarily have to resolve in order to adjudicate the legal claims presented in each case. *See, e.g.*, *McGahn*, 391 F. Supp. 3d at 120 (recognizing that the legal issues raised in the case before it "*turn on* particularized facts different from any that will be at issue in" the purportedly related case (emphasis added)); *Singh*, 187 F. Supp. 3d at 156 (designating cases challenging the same government regulations as related partly because "the Court *will be required to make similar factual determinations* in both cases" (emphasis added)); *Dakota Rural Action*, 2019 WL 1440134, at *2 ("At bottom, the plaintiffs may have shown that the two cases will pose similar questions dependent on a similar class of facts, but have failed to establish that *the facts dictating the answers to those questions* are common." (emphasis added)); *Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 159 (D.D.C. 2002) (designating cases as related partly because "[t]here are many [common] factual issues *that this Court must resolve*" in each case (emphasis added)). *Cf. Dale v. EOP*, 121 F. Supp. 2d 35, 37 (D.D.C. 2000) ("Any common issues of fact are minimal and

9

completely insufficient to meet plaintiff's burden of demonstrating that these two cases are related.").

It may be that, by attempting to weave their assertions in both cases together, Plaintiffs seek to create a vague, overall impression of nefarious conduct by the Department. However, the question of what Plaintiffs hope to gain by relating the two cases says nothing about whether Plaintiffs have met their burden to show that the cases should be deemed related from the perspective of the adjudicative process. That burden requires Plaintiffs to show that the two cases require resolution of sufficiently common issues such that efficiency would favor adjudication by a single judge—not whether a litigant's disparate lawsuits might be connected by some common goal of the litigant itself. The gratuitous assertions in Plaintiffs' Complaint that are drawn from the complaint in *Maryland* have nothing to do with whether the 2019 Rule is arbitrary and capricious. Rather, the latter determination depends solely on the rulemaking record for the 2019 Rule. Plaintiffs thus fail to demonstrate that this case and *Maryland* involve a "common issue of fact" or that they arise from the "same event or transaction" and cannot justify the designation of the two cases as related under LCvR 40.5(a)(3).

## <u>CONCLUSION</u>

Because this case is not related to *Maryland* under Local Civil Rule 40.5, Defendants respectfully request that the Court vacate the related-case designation and transfer this action to the Calendar and Case Management Committee for random reassignment in accordance with Local Civil Rule 40.5(c)(1).

July 14, 2020                                    Respectfully submitted,

                                                 ETHAN P. DAVIS
                                                 Acting Assistant Attorney General
                                                 MARCIA BERMAN
                                                 Assistant Director, Federal Programs Branch

*/s/ Kathryn L. Wyer*

KATHRYN L. WYER
Federal Programs Branch
U.S. Department of Justice, Civil Division
1100 L Street, N.W., Room 12014
Washington, DC   20005
Tel. (202) 616-8475
kathryn.wyer@usdoj.gov
*Attorneys for Defendants*

11