### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA *et al*., <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH D. DEVOS, in her official capacity as Secretary of Education, *et al*., <br><br> Defendants. | No. 1:20-cv-1719 KBJ |

### **DEFENDANTS' WITHDRAWAL OF RELATED CASE OBJECTION**

Pursuant to the Court's Minute Order of July 20, 2020, defendants Secretary of Education Elisabeth D. DeVos and the U.S. Department of Education (the "Department") (collectively, "Defendants") hereby notify the Court that, having reviewed the Court's opinion in *Maryland v. Dep't of Education*, No. 17-cv-2139, 2020 WL 4039315 (D.D.C. July 17, 2020), they withdraw their objection to plaintiffs' designation of this case as a case related to *Maryland*.

Plaintiffs, a group of eighteen states and the District of Columbia, filed the instant action on June 24, 2020, challenging the Department's rescission of the Title IV gainful employment ("GE") regulations at issue in *Maryland*. See Compl. [ECF 1]. They filed a Notice of Related Case the same day. [ECF 2]. On June 26, 2020, the Court issued an Order granting the Department's motion to dismiss in *Maryland* and indicating that an opinion would be forthcoming. [*Maryland* ECF 106.] Defendants filed an objection to Plaintiffs' related case designation on July 14, 2020. [ECF 12.] The Court then issued a memorandum opinion in *Maryland* on July 17, 2020. [*Maryland* ECF 107.]

Having now reviewed the Court's memorandum opinion, Defendants withdraw their

related case objection. As Defendants previously indicated, the two cases bring challenges to different final agency actions under the Administrative Procedure Act ("APA"). However, in its memorandum opinion in *Maryland*, the Court did not address the merits of the plaintiffs' APA claims because it dismissed the claims for lack of standing. *Maryland*, 2020 WL 4039315, at *21. The Court's thorough and detailed discussion of the state plaintiffs' standing assertions in its opinion highlights the similarity between the two cases, as both were filed by largely the same group of states and assert standing on identical or closely related bases. Indeed, both the asserted injuries and the cause of those injuries are essentially the same in the two cases.

In *Maryland*, the plaintiff states sought to identify injuries to their nonsovereign interests resulting from the Department's alleged delay or failure to implement the GE regulations, including (1) "'los[t] tuition money from state-sponsored educational institutions,'" (2) "'waste and loss of [s]tate-funded grant and loan money that is paid to schools that would otherwise be ineligible for Title IV loans or would see a reduction in enrollment' if the GE Rule was fully enforced"; and (3) expenditure of "'additional resources to investigate fraudulent programs" under state consumer protection laws, "including programs that would otherwise be ineligible for Title IV funding." *See id.* at *10; *cf. Maryland* Am. Compl. ¶ 97 [*Maryland* ECF 65-2]. The *Maryland* plaintiffs also asserted harm to their residents resulting from the Department's alleged failure to enforce the GE regulations, which they alleged implicated their "quasi-sovereign interest in the economic well-being of their populaces." *Maryland*, 2020 WL 4039315, at *10; *cf. Maryland* Am. Compl. ¶ 98. In its opinion, the Court addressed each of these purported bases for standing in turn and explained its reasoning for rejecting the plaintiff states' standing. *Maryland*, 2020 WL 4039315, at *10-21.

Here, Plaintiffs seek to rely on the same injuries that the state plaintiffs in *Maryland* asserted, again claiming that these purported injuries are the result of the Department's failure to implement the GE regulations—this time because those regulations have now been rescinded. *See* Compl. ¶¶ 6-7, 103-151. In particular, Plaintiffs again assert that students will "waste state-aid" by using it to attend "worthless programs" that Plaintiffs apparently assume would have been deemed ineligible for Title IV loans under the GE regulations. *Id.* §§ 103, 104-118. They also assert that state-funded schools will face "increased competition from substandard programs"—the same basis for the *Maryland* plaintiffs' assertion of lost tuition--and that this will harm "Plaintiff States' investment in informed and productive residents." *Id.* § 103, 119-32. Plaintiffs also repeat their assertion that they will have to increase their enforcement of state consumer protection laws *Id.* ¶¶ 103, 133-44. Plaintiffs also again assert harm to their resident students, together with an alleged resulting concomitant harm to the Plaintiff States' economies. *Id.* ¶¶ 130, 145-51. Moreover, the alleged *cause* of the harms in this case, as it was in *Maryland*, is the absence or non-enforcement of the Department's former regulatory scheme, set forth in the GE regulations.

The common assertions of injuries, for standing purposes, allegedly resulting from the same source, indicates that this case and *Maryland* do share "common issues of fact" in regard to the standing analysis. *See* LCvR 40.5(a)(3)(ii). And this Court has already engaged in a thorough analysis of the plaintiff states' standing on each of these asserted bases in its recent opinion in *Maryland*. Indeed, the Court expended considerable efforts in reaching its decision in the *Maryland* case, considering cross-motions for summary judgment and several additional rounds of supplemental briefing, and holding two hearings. *Cf. Maryland*, 2020 WL 4039315, at *6-8. Deeming this case related to *Maryland* is therefore likely to promote "the interests of judicial

3

economy"—the primary justification for a related case designation. *See Lucas v. Barreto*, No. 04-1262, 2005 WL 607923, at *3 (D.D.C. Mar. 16, 2005).

Accordingly, Defendants withdraw their objection to deeming the instant case related to *Maryland*.

July 23, 2020                             Respectfully submitted,

                                          ETHAN P. DAVIS
                                          Acting Assistant Attorney General

                                          MARCIA BERMAN
                                          Assistant Director, Federal Programs Branch

                                          */s/ Kathryn L. Wyer*
                                          KATHRYN L. WYER
                                          Federal Programs Branch
                                          U.S. Department of Justice, Civil Division
                                          1100 L Street, N.W., Room 12014
                                          Washington, DC   20005
                                          Tel. (202) 616-8475
                                          kathryn.wyer@usdoj.gov
                                          *Attorneys for Defendants*