UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ELISABETH D. DEVOS, *in her official capacity as Secretary of Education*, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) No. 20-cv-1719 (KBJ) ) ) ) ) ) ) ) |

## GENERAL ORDER AND GUIDELINES
## APPLICABLE TO APA CASES ASSIGNED TO
## JUDGE KETANJI BROWN JACKSON

      This General Order applies to all Administrative Procedure Act ("APA") cases assigned to the Civil Calendar of Judge Ketanji Brown Jackson (except for APA cases that a *pro se* plaintiff has filed). In order to administer this civil action fairly and in a manner that is consistent with the litigants' general interest in completing this litigation efficiently, it is hereby

      **ORDERED** that all counsel must familiarize themselves with both the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the District of Columbia.[1] It is

      **FURTHER ORDERED** that all counsel must comply with this General Order, including the attached Appendix A that contains specific directives regarding Communications with the Court, Hearings, Initial Proceedings, Dispositive Motions, Filing Requirements, Alternative Dispute Resolution, and Settlement. The Court will hold the parties and counsel responsible for following these directives; failure to conform to this Order may, when appropriate, result in the imposition of sanctions.

DATE: August 19, 2020

                                            *Ketanji Brown Jackson*
                                            KETANJI BROWN JACKSON
                                            United States District Judge

---

[1] The Local Civil Rules, including recent amendments and supplements, are available at http://www.dcd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

**APPENDIX TO GENERAL ORDER AND GUIDELINES<br>APPLICABLE TO APA CASES ASSIGNED TO<br>JUDGE KETANJI BROWN JACKSON**

1. **COMMUNICATIONS WITH THE COURT RELATING TO SCHEDULING OR OTHERWISE**

    (a) <u>Form of Communications</u>.  Communications with the Court should be in writing and only by written motion, opposition, and reply—not by letter. *Ex parte* communication with Judge Jackson (either directly or through her law clerks) is inappropriate.

    (b) <u>Status or Scheduling Inquiries</u>.  Unless otherwise noted, oral inquiries concerning the status or scheduling of any pending matter are disfavored. If counsel nevertheless needs to make such an oral inquiry, it shall be made to the Courtroom Deputy Clerk, Mrs. Gwen Franklin (202-354-3145) rather than to Chambers.  If Ms. Franklin is unavailable, the inquiry shall be made to her designated substitute in the Clerk's Office.  Counsel shall follow the instructions that Ms. Franklin (or her substitute) provides. In an **actual emergency**, Chambers can be reached at 202-354-3350.

    (c) <u>Assistance with CM/ECF</u>.  Chambers cannot assist with questions regarding CM/ECF; any such inquiries should be made to the CM/ECF Help Line (202-354-3190).

2. **HEARINGS**

    (a) <u>Appearances at Hearings and Conferences</u>.  **All courtroom proceedings, unless otherwise indicated, will be conducted in Courtroom 17 of the E. Barrett Prettyman United States Courthouse, 333 Constitution Ave., NW, Washington, DC  20001.**  The Court expects the counsel who will be speaking on behalf of each party to appear in person; additional participants can arrange to appear by phone, but absent extraordinary circumstances, such participation will be limited to monitoring the proceedings (not speaking).  In addition, counsel must have all necessary calendars available with them for possible scheduling of future events related to the case, including calendars of co-counsel (to the extent possible).

    (b) <u>Rescheduling Hearings</u>.

        i) Requests to reschedule hearings are strongly discouraged.  Any counsel who seeks to change a previously scheduled hearing date shall confer with opposing counsel and shall file a written motion **at least four (4) business days prior to the scheduled hearing**

        **date.** This written request must demonstrate that there is good cause for rescheduling the proceeding and must propose **three alternative dates and times** for the hearing that would be convenient for all parties in the case. If counsel's suggested dates and/or times are not available on the Court's calendar, the Court may reset the hearing for an alternative date and time of its choosing. In its discretion, the Court may decide that a previously scheduled hearing is not necessary and take the hearing off the calendar.

    ii) If the Court is closed, or if the opening time for the start of the Court's day is delayed because of inclement weather or an unforeseen emergency, the Courtroom Deputy Clerk will reschedule any hearings that were scheduled to take place during the period when the Court was closed.

3. **INITIAL PROCEEDINGS**

    (a) <u>Service of the Complaint</u>.  Plaintiff(s) shall promptly serve the complaint in accordance with Rule 4 of the Federal Rules of Civil Procedure and **shall file the proof(s) of service with the Court**. If Plaintiff fails to serve properly a copy of the complaint in the time Rule 4 prescribes, the Court may dismiss the action.

    (b) <u>Answer or Motion to Dismiss—Notice Regarding Intent to File</u>.  No later than three (3) business days before the deadline to respond to the complaint prescribed by the Federal Rules of Civil Procedure, **Defendant shall file a notice on CM/ECF indicating whether it intends to answer the complaint or file a motion to dismiss**.

        i) If Defendant intends to file a motion to dismiss, the notice shall indicate that the Defendant has conferred with Plaintiff's counsel, and the notice shall also provide a joint proposed schedule for briefing the anticipated motion to dismiss.

        ii) If Defendant intends to answer, the notice shall state as much, and the answer shall be filed by the deadline the Federal Rules of Civil Procedure prescribe. Once the answer has been filed, the Court will set a deadline for the parties to submit a joint proposed schedule for summary judgment briefing.

4. **MOTIONS PRACTICE FOR DISPOSITIVE MOTIONS**

    (a) <u>Batching Dispositive Motions Generally</u>.  **The parties shall not file motions to dismiss or motions for summary judgment on CM/ECF until all briefing on the motion and any cross-motion is complete**. The

parties will exchange briefs as described below—notifying the Court of the service—and only when the motion is fully briefed will the parties file all of the briefs on CM/ECF.  The briefs must be filed together as a "batch," on or before the designated Final Filing Deadline.

i) *Service Days*.  During the motion briefing process, the parties will serve the motion, opposition, or reply on opposing counsel on the Service Dates indicated in Paragraph 7 below, while simultaneously notifying the Court of such service, as follows:

    (1) On the listed Service Day, counsel shall serve the filing on opposing counsel, and contemporaneously with this service, counsel shall also file on CM/ECF a Notice of Service (without attaching any copy of the filing itself).

    (2) Summary judgment motions, oppositions, and replies may be transmitted to opposing counsel electronically.  To facilitate service of filings, prior to the first Service Day, counsel shall exchange lists of the e-mail addresses of individuals to be served.

    (3) The parties are permitted to modify the schedule for serving their filings on each other by consent, and without any Order from this Court.  In the event of a service-related scheduling dispute, counsel shall jointly call Chambers (202-354-3350) to arrange for a telephone conference with the Court.

ii) *Filing and the Final Filing Deadline*.  The parties shall file all of the briefs pertaining to a motion for summary judgment and cross motion or summary judgment together on CM/ECF **within three (3) business days of the service of the last reply brief authorized by the Scheduling Order that the Court issues**, but in any event no later than the **Final Filing Deadline** that the Court sets.

    (1) To file the "batch" on CM/ECF, the parties shall coordinate to upload their respective papers as separate entries on CM/ECF in the following order:  (1) the motion; (2) the opposition/any cross-motion; (3) the reply/any cross-motion opposition; and (4) any cross-motion reply.

    (2) It is this Court's practice to set a Final Filing Deadline that takes into account the complexity of the case and the parties' needs, based on the proposed schedule that the parties submit, as well as other matters on the Court's docket.  Accordingly, the date that the Court has selected for the

      Final Filing Deadline may only be modified by Order of this Court.  Motions to extend the Final Filing Deadline must be filed on CM/ECF **at least three (3) business days prior to the Final Filing Deadline**, and will only be granted upon a showing of extraordinary or unexpected circumstances.

   (3) Parties shall send any required paper (courtesy) copies of the motion filings to Chambers at the time the batched briefs are filed on CM/ECF.

(b) <u>Motions to Dismiss</u>.

  i) If a motion to dismiss is served, the non-moving party shall inform the movant within ten (10) days whether it intends to oppose the motion or file an amended pleading.

  ii) If the non-moving party elects to amend its pleading, and can do so as a matter of course under Fed. R. Civ. P. 15(a)(1)(B), it shall file the amended pleading on CM/ECF.  Upon such filing, the moving party's motion to dismiss will be deemed moot and the Court will vacate the motion-to-dismiss briefing schedule.  Within twenty-one days of such amendment, the moving party shall answer or otherwise respond to the complaint, in conformance with the requirements of Paragraph 3(b) above.

  iii) If the non-moving party is required to seek leave to amend its pleading under Fed. R. Civ. P. 15(a)(2), the parties shall promptly confer to determine whether the movant consents to an amendment.

   (1) If the parties cannot reach agreement on amending the pleading at issue, counsel shall jointly call Chambers (202-354-3350) to arrange for a telephone conference with the Court.

   (2) If the moving party consents to amendment of the pleading, the non-moving party shall file the amended pleading on CM/ECF, the moving party's motion to dismiss will be deemed moot and the briefing schedule will be vacated.  Within twenty-one days of such amendment, the moving party shall answer or otherwise respond to the complaint, in conformance with the requirements of Paragraph 3(b) above.

  iv) If the non-moving party elects not to amend its pleading after being served with the motion to dismiss, the motion to dismiss briefing will proceed in the normal course pursuant to the briefing schedule set by the Court.  In that situation, subsequent leave to amend the

4

complaint may not be granted. Serving an opposition response to the motion will be treated as an election not to amend the pleading.

(c) <u>Motions for Summary Judgment</u>.

    i) Every motion for summary judgment (including cross-motions) and opposition to such motion must comply with LCvR 7(h), which requires that each party submitting a motion for summary judgment **attach a statement of material facts for which that party contends there is no genuine dispute**, with specific citations to those portions of the administrative record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, **submit a statement enumerating all material facts that the party contends are genuinely disputed**. LCvR 7(h)(1). The parties are strongly encouraged to review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of LCvR 7(h).

    ii) The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**. The moving party shall provide all other parties with an electronic copy, in Word format, of the moving party's statement of material facts.

    iii) The party responding to a statement of material facts must (1) restate the movant's statement of undisputed material fact in numbered paragraphs, and (2) immediately following each numbered paragraph state the opponent's response to the stated fact.

    iv) If the responding party has additional facts that are not directly relevant to its response to any specific paragraph, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts and provide the moving party with an electronic copy, in Word format, of the its responsive statement of facts. **If such additional factual allegations are made, the movant must file a responsive statement of its own with its reply brief**.

    v) If an opposition fails to include a separate concise statement of genuine disputed issues, or a response to the movant's statement of facts, or specific references to the parts of the record relied upon to support the statement or response, the Court may treat as conceded any facts asserted in the movant's statement of facts.

5

vi) The parties must furnish **precise citations** to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

5. **GENERAL FILING GUIDELINES**

    (a) <u>Amended Pleadings</u>: Any amended pleadings shall be accompanied by a redline comparison of the original and amended pleading.

    (b) <u>Electronic Case Filing</u>.

    i) Except as otherwise provided in LCvR 5.4, all documents to be filed with the Court must be filed through the Court's CM/ECF system.

    ii) Each attachment to a filing (*e.g.*, supporting memorandum, statement of material facts, each exhibit, each affidavit, and proposed order) **must be filed as a separate PDF and appropriately labeled in ECF**. Counsel should submit PDFs in the smallest file size possible.

    iii) Instructions for filing sealed documents in non-sealed cases are available at http://dcd-dev.jdc.ao.dcn/sites/dcd/files/AttySealedCivilREVMay2014.pdf.

    (c) <u>Courtesy Copies</u>. Counsel **shall provide Chambers, not the Clerk's Office**, with a printed courtesy copy, with ECF headers, of any electronic submission that, along with exhibits, **numbers one hundred (100) pages or more in total length**. Such courtesy copies shall be in binders, three-hole punched, with double-sided pages. Exhibits shall be tabbed for ease of reference. The Court otherwise does not accept courtesy copies; the Court will contact the filing party if a courtesy copy of any particular submission is required.

    (d) <u>Motions Generally</u>. Counsel must comply with the following instructions when briefing any motion; failure to follow these instructions may result in *sua sponte* denial of the motion:

    i) **Every memorandum of points and authorities that is ten pages or more in length must contain a Table of Contents and Table of Authorities, regardless of whether it is filed in support of or in opposition to a motion**. Any non-conforming submissions will not be accepted.

ii) **Each submission that attaches more than one exhibit shall contain an index of exhibits**. Exhibits shall be edited properly to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof. Any non-conforming submissions will not be accepted.

iii) Memoranda of points and authorities filed in support of or in opposition to any motion may not exceed forty-five (45) pages without leave of Court, and without such leave, reply memoranda may not exceed twenty-five (25) pages. The margins for such memoranda shall be set at one inch and all text in the main body must be double-spaced and in twelve-point Times New Roman font, while all footnotes must be single-spaced and in ten-point Times New Roman font. Counsel are cautioned not to attempt to circumvent these page limitations through extensive use of lengthy footnotes. The caption, signature blocks, and any required tables shall not count toward these limits.

iv) The Court may reject any filing that, without leave, is filed out of time or exceeds the page limitations established in the Local Rules or in an Order of this Court.

v) If counsel fails to serve and file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded. LCvR 7(b). Similarly, if counsel fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (citations omitted).

vi) Every pleading or paper shall contain the name, address, telephone number, e-mail address, and bar identification number of its signatory.

vii) The Court will summarily deny motions that are subject to LCvR 7(m) but do not contain the requisite statement.

viii) Westlaw citations shall be provided, if available, to cases not available in an official reporter. The parties' courtesy copies must contain paper copies of any unpublished cases that are not available on Westlaw.

(e) <u>Motions To Exceed the Page Limitations</u>. Motions for leave to exceed the page limitations stated above in Part 5(a)(iii) and below in Part 5(f) are accepted but discouraged. Counsel who wish to seek leave to exceed page

        limitations shall file a written motion demonstrating good cause for the request.

(f)     <u>Motions for Reconsideration</u>.  Motions for reconsideration of prior rulings are strongly discouraged.  Such motions shall be filed only when the requirements of Fed. R. Civ. P. 54(b), 59(e), and/or 60(b) are met.  Any such motion **shall not exceed ten (10) pages in length**.  Moreover, the Court will not entertain (a) motions that simply reassert arguments the party previously raised and the Court rejected, or (b) arguments that a party could have raised previously but now raises for the first time.  Motions for reconsideration are not dispositive motions subject to the Batching Rule.

(g)     <u>Stipulations</u>.

        i)     The parties may elect to file a stipulation that will become a part of the record of the case.  Except as set forth above in Part 4(a)(i)(3), the parties may not stipulate to extended deadlines, stays, or other matters altering the timing of the litigation or any other order of the Court.  Moreover, no such stipulation shall be considered an enforceable Court order unless and until the Court signs the agreement.

        ii)     If the parties desire for this Court to sign any such stipulation or enter an order approving it, they must file a motion making that request.  The motion must explain why cause exists for the Court to approve the stipulation, and the parties must submit the text of the proposed stipulation as an attachment to the motion.

6. **ALTERNATIVE DISPUTE RESOLUTION**

(a)     The parties must thoroughly evaluate their settlement positions prior to submitting a proposed schedule for briefing summary judgment.

(b)     Submission to alternative dispute resolution, *e.g.*, mediation or neutral evaluation, is encouraged and available upon request to the Court at any time, as is a settlement conference before a Magistrate Judge.

7. **SETTLEMENT**

(a)     <u>Notification of Settlement</u>.  If the case settles in whole or in part, Plaintiff shall promptly notify the Court of the settlement.

(b)     <u>Provisional Dismissal</u>.  Upon receipt of a notice of settlement, it is the practice of this Court to issue a provisional order of dismissal that allows

the parties to reopen the case within 45 days if they are unable to consummate the settlement.

\* \* \*