IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

COMMONWEALTH OF PENNSYLVANIA *et al*.,

Plaintiffs,

v.

MIGUEL CARDONA[1], in his official capacity as
Secretary of Education, *et al*.,

Defendants.

No. 1:20-cv-1719 FYP

NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants attach hereto a recent decision issued in *California v. Cardona*, No. 5:20-cv-1889, 2021 WL 4461187 (N.D. Cal. Sept. 29, 2021). In that case, California had sought to challenge the same 2019 final rule, issued by the U.S. Department of Education, that the plaintiff states in this case seek to challenge. The court in *California* dismissed the state's claim—which, like claims one and two of the plaintiffs' Amended Complaint here, alleged that the 2019 rule was arbitrary and capricious under the Administrative Procedure Act ("APA")—for lack of standing. *See id.* at *6. The court held that California failed to show an injury-in-fact even under the Ninth Circuit's relaxed "procedural rights" analysis that California had invoked (incorrectly, in Defendants' view) for its APA claim. *See id.* at *5-6. In so holding, the court followed the reasoning of this Court in the related case *Maryland v. U.S. Dep't of Educ*., 474 F. Supp. 3d 13 (D.D.C. 2020), *vacated on other grounds*, 2020 WL 7868112 (D.C. Cir. Dec. 22, 2020), which

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Secretary of Education Miguel Cardona is hereby substituted as a defendant in this action.

similarly dismissed the APA claims of a group of states for lack of standing.[2] *See California*, 2021

WL 4461187, at *5. Defendants' pending Motion to Dismiss [ECF No. 27] argues that the Court's

reasoning in *Maryland* also applies here and requires dismissal of all of the states' claims in this

case for lack of standing.

October 4, 2021                                     Respectfully submitted,

                                                   BRIAN M. BOYNTON
                                                   Acting Assistant Attorney General

                                                   MARCIA BERMAN
                                                   Assistant Director, Federal Programs Branch

                                                   */s/ Kathryn L. Wyer*
                                                   KATHRYN L. WYER
                                                   Federal Programs Branch
                                                   U.S. Department of Justice, Civil Division
                                                   1100 L Street, N.W., Room 12014
                                                   Washington, DC   20005
                                                   Tel. (202) 616-8475
                                                   kathryn.wyer@usdoj.gov
                                                   *Attorneys for Defendants*

---

[2] In contrast to *California*, the plaintiff states in *Maryland* (including California) made no attempt to argue that their APA claims qualified as procedural. The plaintiff states here similarly have correctly recognized that the first two claims in their Amended Complaint do not qualify as procedural. However, they assert that their third claim is procedural. *See* Def. Reply [ECF No. 29] at 19-20. The analysis of injury-in-fact in *California* and in *Maryland* is equally relevant regardless of whether a regular standing analysis or a relaxed procedural standing analysis is applied.